# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Stevens

September 7, 1988

Case No. F-9924

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Motion to Dismiss Indictment. The basis of the Motion is a plea of double jeopardy in violation of the Virginia and United States Constitutions. For reasons as follows, the Motion must be denied.

Defendant appeared before the General District Court on a charge of distribution of cocaine in violation of Code of Virginia, § 18.2-248. The Court on its own motion reduced the charge to possession of drug paraphernalia, a misdemeanor, in violation of § 18.2-265.3. The Defendant pleaded guilty and was sentenced. Thereafter, the Grand Jury indicted the Defendant for the distribution of cocaine as originally charged in the warrant before the General District Court. The Commonwealth asserts and it is not disputed that it never agreed to the reduction nor was the reduction a part of a plea agreement with the Defendant. No appeal was taken from the misdemeanor conviction.

Pursuant to § 19.2-186 and Rule 3A:5(b)(2), the General District Court has jurisdiction to find the Defendant guilty of a misdemeanor whether or not that misdemeanor is a lesser-included offense of the charge in the original warrant. The plain language of the Statute and Rule preclude any other interpretation. The Rule refers only to "a mis-

demeanor" and the Statute to "an offense which the Judge has jurisdiction to try."

The situation presented here is unlike the cases relied upon by both parties. The offense of which the Court found the Defendant guilty is not a lesser included offense of the original charge. Section 18.2-265.1, the definition of drug paraphernalia, does not include the substances themselves, and in addition, the two offenses do not pass the double jeopardy test of *Blockburger v. United States*, 284 U.S. 299 (1932), in that the elements of the offenses are different and require proof of different facts. Therefore, Defendant's constitutional right not to be placed in jeopardy twice for the same offense is not implicated by this indictment.

Defendant further argues that since he relied to his detriment on the reduction of the offense, the Commonwealth is "collaterally estopped" from proceeding in this matter.

Collateral estoppel, as applied in criminal cases, is grounded in double jeopardy considerations, and the Commonwealth is barred from proceeding "when an issue of ultimate fact has once been determined by a valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436 (1970); *Clodfelter v. Commonwealth*, 218 Va. 98 (1977). Here, no ultimate fact regarding the Defendant's alleged distribution of cocaine has been determined that would constitute a bar to the Commonwealth. It should be noted that there is no evidence that the Commonwealth had agreed to, acquiesced in, nor ratified in any way the reduction of the felony charge to the misdemeanor.

For these reasons, the Motion to Dismiss will be denied.